# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| JIMMY TIMOTHY BURRIS, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:05-CR-60 CAR |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:08-CV-90007 CAR |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 came before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts. The Respondent filed its Answer in Opposition to Petitioner's Motion. (R-114). Petitioner Burris filed a Reply to the Respondent's Answer. (R-115).

## Procedural History

Indictment was returned in this court on June 16, 2005, charging Petitioner with Possession of Methamphetamine With Intent to Distribute. (R-1). He was convicted by jury trial of said charge on June 15, 2006 (R-86), and sentenced to serve a term of imprisonment of 151 months on August 24, 2006. (R-91). He appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit, which affirmed the District Court on August 1, 2007. (R-107). Petitioner timely filed his present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, on February 20, 2008, making

four claims of ineffective assistance of counsel. (R-108).

**Petitioner's Claims**

**Ground One.** Petitioner Burris asserts that his attorney erred in not calling two character witnesses to testify outside the presence of the jury "as to what they would have said to the jury had the judge allowed them to testify without fear that the government would offer rebuttal evidence from unknown sources that Movant was selling *meth* out of his house." Burris repeats this claim in his Memorandum of Law. (R-110). However, he does not continue to urge it in his Reply to the Government's Response to his § 2255 Motion.

The United States Court of Appeals for the Eleventh Circuit addressed this issue peripherally in its decision on Petitioner's direct appeal, and observed that:

> Defense counsel moved for an advance ruling on whether the government would be allowed to rebut Burris's good character witnesses with hearsay that other people told law enforcement that Burris sold methamphetamine. Defense counsel explained that this decision would affect his decision on whether to call character witnesses. The district judge did not rule in advance, and Burris did not present any testimony on his behalf.

(R-107 at 8). In Footnote 3, on pages 8 and 9 of the Court's decision, it was further noted that:
> Burris also presents a fourth argument, that the district judge abused his discretion in refusing to provide an advance ruling on the nature and scope of the government's rebuttal evidence, if certain defense witnesses were called to testify at trial. Because Burris did not make an offer of proof on the witnesses' expected testimony, we cannot consider this claim, since review of the district judge's decision for error is "impossible." *United States v. Taylor,* 417 U.S. F.3d 1176, 1180 (11th Cir. 2005) (per curium).

2

This footnote makes it clear that the Court of Appeals did not consider Burris's claim that the district judge abused his discretion in refusing to provide an advance ruling on the nature and scope of the government's rebuttal evidence if defense witnesses were called to testify, because no witnesses were called to testify and no offer of proof on the witnesses' expected testimony was made. The Court of Appeals did not, therefore, rule that the District Judge should have made an advance ruling, or was in error in not doing so. The Appellate Court declined to consider this issue at all.

Burris's claim now that his counsel was ineffective in failing to make the proffer of what the witnesses would have testified, presumes that these witnesses were somehow disallowed by the court. That is not the case. Defense counsel moved the court for an advance ruling on the limitations of rebuttal evidence by the government. Burris's Ground One implies a right to a ruling that the judge should have allowed his character witnesses "to testify without fear that the government would offer rebuttal evidence from unknown sources that Movant was selling *meth* out of his house." (R-108 at 4). The District Judge did not make any such advance ruling. How could he? No witness testified and no testimony was proffered. That is exactly why the Court of Appeals declined to consider the issue. There was nothing for either the Court of Appeals or the District Court to consider.

Petitioner Burris has not suggested any authority that imposes a duty on the District Court to make an advance ruling on the limitations of rebuttal testimony as to evidence it has never heard. The issues then is solely whether, Petitioner's counsel was ineffective for failing to make a proffer of evidence. This issue necessarily involves a consideration of

3

tactical decisions made by defense counsel and whether alternate conduct than that which was performed by defense counsel would have resulted in a different result in the trial. "To succeed on a claim of ineffective assistance of counsel, [petitioner] must show both incompetence and prejudice." *Chandler v. United States*, 218 F.3d 1305, 1312 (11th Cir. 2000). We cannot find the first condition, inasmuch as, the United States Court of Appeals for the Eleventh Circuit has held that it is reasonable - and not ineffective - for trial counsel to eliminate certain lines of presentation if he has "misgivings about hurtful cross-examination and rebuttal witnesses." *Id.* at 1321. *See Hallford v. Culliver,* 459 F.3d 1193 at 1205 (11th Cir. 2006). Petitioner's claim of ineffectiveness is determined adversely by the foregoing authority, and since *Strickland* requires a showing of both incompetence/ineffectiveness and prejudice, i.e., a different result, Petitioner's claim is without merit. It is also duly noted that Petitioner Burris did not argue this claim in his Reply to the Government's Response.

**Grounds Two and Three.** These claims each concern the same complaint in three slight variations of the same theme. First, Burris claims that his attorney was ineffective for failing to confront and cross-examine his accusers, rather than choosing to argue only the hearsay violation when Government's witness, Lt. King, testified about "information regarding narcotics activity" at Petitioner's house. (R-108 at 5). Burris, secondly, cast an ineffective assistance aspersion upon his appellate counsel for not bringing up this issue on appeal. *Id.* In his Ground Three, Burris claims that his counsel was ineffective when his attorney failed to confront and cross-examine his accusers, when Lt. King testified about

4

"information regarding narcotics activity" at Movant's house. (*Id.* at 6). Taking the three allegations in reverse order it is clear that Petitioner Burris is attempting to circumvent F.R.Cr.P. 12(b)(3)(C), that motions to suppress must be raised before trial. Petitioner's contention of violation of his right to confrontation of witnesses is not directed at Lt. King at all, but rather the persons that Lt. King stated had told him that narcotics activities were occurring at Burris's house. These witnesses did not testify, and to that extent Burris did not have opportunity to confront them, but Lt. King testified that with their statements he obtained a search warrant. Petitioner brings his motion to suppress in the guise of a confrontation violation too late. His counsel's election to urge that Lt. Kings testimony be disallowed on the grounds of hearsay was the only avenue available to him at that point in the trial.

The United States Court of Appeals for the Eleventh Circuit has already addressed these combined issues on direct appeal. (R-107). Citing *United States v. Arbolaez,* 450 F.3d 1283, 1290 (11th Cir. 2006), the Court held,

> Even if hearsay is improperly admitted, however, reversal of a conviction is not necessarily mandated: "[t]o require a new trial . . . a significant possibility must exist that, considering the other evidence presented by both the prosecution and the defense, the . . . statement had a substantial impact upon the verdict of the jury." *Id.* . . . We have recognized: "'Evidentiary and other nonconstitutional errors do not constitute grounds for reversal unless there is a reasonable likelihood that they affected the defendant's substantial right; where an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted.'" *Id.* . . . In *Arbolaez*, we concluded that the challenged statement constituted inadmissable hearsay, but that nonetheless

5

determined that the error was harmless and, therefore did not require reversal. *Id.* at 1291.

The Court went on to enumerate a long list of other evidence in Burris's case which it concluded otherwise supported the jury's verdict, and that:

> Consequently, the challenged statement did not necessarily have any more of a substantial impact on the jury's verdict than did defense counsel' own admission with respect to his client's drug use. Accordingly, the judge's error, if any, in admitting the challenged statement was harmless, and so reversal is not merited on that basis. *See Arbolaez,* 450 F.3d at 1291.

The Court having found the District Court's error, if any, to have been harmless at worse, it logically follows that counsel cannot have been ineffective for failing to raise and argue the issue, because he could not have effected the outcome of the case. Thus, Burris has failed to suggest how counsel could have been ineffective on this issue, and this court need not review rulings already made by the appellate court. "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v Natelli,* 553 F.2d 5, 7 (2nd Cir. 1997). Burris's Grounds Two and Three are without merit.

**Ground Four.** As his fourth ground for relief contained in his § 2255 Motion, Petitioner Burris claims that his "[a]ttorney was ineffective when he gave no prior notice of enhancement if Movant went to trial." Petitioner does not pursue this claim further in either his Memorandum brief attached to his § 2255 Motion or in his Reply to the Government's Response to his Motion.

Petitioner Burris was convicted by jury verdict on June 16, 2006, and sentenced on

6

August 24, 2006, both events occurring after the United States Supreme Court had ruled in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), that the United States Sentencing Guidelines were advisory only. Whether Petitioner's counsel advised him that he stood the possibility of an enhanced sentence for a firearm violation in addition to the other offenses of conviction is of no consequence, because the record shows clearly that Burris was advised in open court at the time of his Jackson-Denno hearing on June 8, 2006, that upon a conviction he would face a minimum mandatory sentence of ten (10) years with a possible maximum of life imprisonment, which Burris acknowledged to the Court. (R-99 at pp. 25-27). Burris was sentenced to a term of 151 months imprisonment, a term which was unaffected by any enhancement. It appears that Petitioner's abandonment of this claim in his Memorandum and Reply was for good cause. This claim is likewise without merit.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 24th day of June 2008.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE